# Exhibit "A"

Exhibit "**A**" Exhibit "**A**" Exhibit "**A**" Exhibit "**A**" Exhibit "**A**"

Evan J. Smith, Esquire (SBN 242352)
BRODSKY & SMITH, LLC
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

FILED
Superior Court of California
County of Los Angeles

FEB 26 2018

Sherri R. Carter, Executive Officer/Clerk
By ______ Deputy
Shaunya Bolden

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| HECTOR VELARDE on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TUESDAY MORNING, INC.<br><br>Defendant. | Case No.: BC 6 9 5 5 8 5<br><br>CLASS ACTION COMPLAINT FOR:<br><br>(1) VIOLATIONS OF THE UNRUH ACT, CALIFORNIA CIVIL CODE § 51, *et seq.*<br><br>(2) VIOLATIONS OF THE CDPA, CALIFORNIA CIVIL CODE § 54.1, *et seq.*<br><br>(3) VIOLATIONS OF CAL. CIV. CODE § 55.1, *et seq.*<br><br>**JURY TRIAL DEMANDED** By Fax |

Plaintiff Hector Velarde ("Plaintiff"), by and through his attorneys, alleges the following based upon personal knowledge as to his own acts, and upon information and belief and his attorneys' investigation as to all other facts.

1. Plaintiff, on behalf of himself and on behalf of a Class of mobility impaired/wheelchair bound persons, alleges that defendant Tuesday Morning, Inc. ("Tuesday Morning" or "Defendant"), is in violation of the anti-discrimination state statutes of California, the Unruh Civil Rights Act, California Code § 51 *et seq.* ("Unruh Act"), the California Disabled Persons Act, California Civil Code § 54 *et seq.* ("CDPA"), and Cal. Civ. Code § 55 *et seq.*

2. Plaintiff seeks statutory damages and reasonable attorneys' fees and costs on behalf of himself, and injunctive relief on behalf of the putative Class who has patronized or would like to patronize the stores identified below.

Doc# 1 Page# 1 - Doc ID = 1729384527 - Doc Type = OTHER

322

CIT/CASE: BC695585
LEA/DEF#:

RECEIPT #: CCH465980138
DATE PAID: 02/26/18 03:29 PM
PAYMENT: $1,000.00 310
RECEIVED:

| | |
|---|---|
| CHECK: | $1,000.00 |
| CASH: | $0.00 |
| CHANGE: | $0.00 |
| CARD: | $0.00 |

CIT/CASE: BC695585
LEA/DEF#:

RECEIPT #: CCH465980137
DATE PAID: 02/26/18 03:28 PM
PAYMENT: $435.00 310
RECEIVED:

| | |
|---|---|
| CHECK: | $435.00 |
| CASH: | $0.00 |
| CHANGE: | $0.00 |
| CARD: | $0.00 |

## STATUTORY BACKGROUND

3. Both the CDPA, which was enacted in 1968, and the Unruh Act, which was amended in 1987 to cover persons with disabilities, prohibit discrimination on the basis of disability and require full and equal access to services, facilities and advantages of public accommodations.

4. All buildings constructed or altered after July 1, 1970, must comply with standards governing the physical accessibility of public accommodations.

5. From December 31, 1981 until the present, the standards have been set forth in Title 24 of the California regulatory code (the "California Standards"). In addition to setting forth design and construction standards, the California Standards require public accommodations to maintain in operable working condition those features of facilities and equipment that are required to be accessible to and usable by persons with disabilities. California Standards, § 1101B.3.

6. A violation of a California Standard constitutes a violation of both the CDPA and the Unruh Act. A violation of 42 U.S.C. § 12181, *et seq.*, of the Americans with Disabilities Act ("ADA"), also constitutes a violation of both statutes. Cal. Civ. Code, §§ 51(f) and 54 (c). A prevailing plaintiff is entitled to, among other relief, statutory minimum damages regardless of whether the plaintiff has suffered any actual damages. Cal. Civ. Code, § 54.3.

7. The Unruh Act, Cal. Code, § 51, prohibits discrimination on the basis of disability by "all business establishments of every kind whatsoever."

8. In 1992, the Unruh Act was amended to provide that "violation of the right of any individual under the Americans with Disabilities Act of 1990... shall also constitute a violation of this section. Cal. Civ. Code, § 51(f); *Presta v. Peninsula Corridor Joint Powers Bd.*, 16 F. Supp. 2d 1134, 1135 (N.D. Cal.1998).

9. Under Cal. Civ. Code, § 55, a plaintiff may file an action to enjoin any technical violations of California's access laws, without an actual attempt to access the facility or to prove the violation results from discrimination. Injunctive relief under § 55 is available as a

Doc# 1 Page# 3 - Doc ID = 1729384527 - Doc Type = OTHER

cumulative remedy under the Unruh Act and/or the CDPA. *Molsky v. Arciero Wine Group*, 164 Cal. App. 4th 786, 79 Cal. Rptr. 3d 574 (2008).

10. Despite an extended period of time in which to become compliant and despite the extensive publicity the CDPA and Unruh Act have received over the years, Defendant continues to discriminate against people who are disabled, in ways that block them from equal access to, and use of their stores.

**PARTIES AND STANDING**

11. Plaintiff is a citizen of California, is domiciled in Lynwood, CA, and qualifies as an individual with disabilities. Plaintiff had a T3-10 lamenectomy and requires a wheelchair to move about. Plaintiff has visited and patronized Tuesday Morning stores within the State of California, and has experienced discrimination at such stores as more fully set forth below. Plaintiff is being deterred from patronizing Tuesday Morning but intends to return to these stores for the dual purpose of availing himself of the goods and services offered to the public at such stores and to ensure that those stores cease evading their responsibilities under state law.

12. Plaintiff has been, and continues to be, adversely affected by Defendant's violations of the laws of the State of California. Plaintiff has suffered direct and indirect injury as a result of Defendant's actions and/or omissions as described herein.

13. Plaintiff has reasonable grounds to believe that Defendant will continue to subject him, and other disabled individuals to discrimination in violation of the laws of the State of California, given that Defendant has failed to bring existing stores into compliance for over ten years and has allowed new stores to be constructed that were similarly out of compliance.

14. Defendant Tuesday Morning, at all relevant times to this litigation, acted or failed to act, by and through its officers, representatives, subsidiaries, agents, workers and/or its employees. Tuesday Morning is a Texas corporation that maintains a registered agent for service of process located at c/o CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

15. Upon information and belief, Defendant operates over 58 stores in the State of California. Defendant's stores that are located in the State of California are required to comply with California state law and be fully accessible to the mobility impaired.

**JURISDICTION AND VENUE**

16. This Court has original jurisdiction of the Unruh Act and CDPA claims pursuant to Cal. Civ. Code §§ 51, 54, and 55.

17. Venue lies in this district as Defendant is found and/or does substantial business here, and a part of the property that is the subject of the action is so situated.

**CLASS ACTION ALLEGATIONS**

18. Class actions are certified when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court. Cal. Civ. Proc. Code § 382. The California Supreme Court has stated that a class should be certified when the party seeking certification has demonstrated the existence of a "well-defined community of interest" among the members of the proposed class. *Richmond v. Dart Indus., Inc.*, 29 Cal.3d 462, 470 (1981); *see also Daar v. Yellow Cab Co.*, 67 Cal.2d 695, 704 (1967).

19. Class actions are especially valuable in a context such as this one, in which individual damages are modest. It is well settled that Plaintiff need not prove the merits of his action at the class certification stage.

20. Rather, the decision of whether to certify a class is "essentially a procedural one" and the appropriate analysis is whether, assuming the merits of the claims, they are suitable for resolution on a class-wide basis:

> As the focus in a certification dispute is on what types of questions common or individual are likely to arise in the action, rather than on the merits of the case, in determining whether there is substantial evidence to support a trial court's certification order, we consider whether the theory of recovery advanced by the proponents of certification is, as an analytical matter, likely to prove amenable to class treatment.

*Sav-On Drug Markets, Inc. v. Superior Court*, 34 Cal.4th 319, 327 (2004) (citations omitted).

21. In addition, the assessment of suitability for class certification entails addressing whether a class action is superior to individual lawsuits or alternative procedures for resolving the controversy. *Capitol People First v. State Dept. of Developmental Services* (2007) 155 Cal.App.4th 676, 689.

22. The Class consists of all mobility impaired/wheelchair-bound persons located in California who have patronized the Tuesday Morning stores identified herein, who have been, or who were, prior to the filing of the Complaint, denied the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of any of the Tuesday Morning stores identified herein (the Class).

23. The Class is believed to consist of thousands of members. Upon information and belief, census statistics demonstrate that there are over 150,000 non-institutionalized people sixteen years of age or older in California who use wheelchairs. The members of the Class are so numerous that joinder of all members is impracticable.

24. Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether Defendant provides goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities in an integrated setting;

(b) Whether Defendant's stores have made reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford such goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities;

(c) Whether Defendant has failed to take steps to ensure that individuals with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

(d) Whether Defendant has failed to remove architectural and communication barriers in existing stores, where such removal is readily achievable and technically

feasible, or have failed to make such goods, services, programs, facilities, privileges, advantages, or accommodations available through alternative methods, if removal of the barriers is not readily achievable or technically feasible;

(e) Whether violations of the ADA also constitute per se violations of the California anti-discrimination statutes Cal. Civ. Code §§ 51, 54, and 55 *et. seq.*;

(f) Whether Defendant has violated and/or continues to violate the state anti-discrimination statutes identified above by denying equal access to disabled persons at places of public accommodation;

(g) Whether the state anti-discrimination statues identified above provide for a private right of action;

(h) Whether the state anti-discrimination statues identified above provide for injunctive relief;

(j) Whether to recover under the Unruh Act a plaintiff must plead and prove intentional discrimination;

(k) Whether a plaintiff must prove intentional conduct to recover under the CDPA; and

(l) Whether injunctive relief is available as a cumulative remedy for violations of state disability access laws regardless of if a plaintiff elects to recover under the Unruh Act or CDPA.

25. Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained and continue to sustain injuries arising out of Defendant's conduct or omissions in violation of state law as complained of herein. Plaintiff, like all other members of the Class, claim that Defendant has violated state law by violating the ADA and Title 24 by failing to make its stores accessible to individuals with disabilities and by excluding the Plaintiff, and other similarly situated persons, from full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of Defendant's stores, and subjecting Plaintiff to discrimination by failing to provide its facilities and other

goods, services, programs, facilities, privileges, advantages or accommodations to the Plaintiff, as well as other similarly situated persons.

26. Plaintiff will fairly and adequately protect the interests of the members of the Class, and has retained counsel competent and experienced in class action litigation. Plaintiff has no interests antagonistic to, or in conflict with, those of the Class.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since joinder of all members is impracticable. Furthermore, because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class individually to redress the wrongs done to them.

28. There will be no difficulty in the management of this action as a class action. Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action, in that it is likely to avoid the burden which would be otherwise placed upon the judicial system by the filing of thousands of similar suits by disabled people across the California. There are no obstacles to effective and efficient management of the lawsuit as a class action.

**TUESDAY MORNING STORES OWNED/OPERATED BY DEFENDANT**
**IN VIOLATION OF CALIFORNIA'S ACCESS LAWS**

29. On December 21, 2017, Plaintiff patronized the Tuesday Morning store located at 23855 Hawthorne Blvd., Torrance, CA to purchase various items and suffered discrimination as a result of being denied full and equal access. Specifically, this store denied Plaintiff equal access because it did not provide an accessible parking lot and/or restroom area. First, Plaintiff was deterred from parking in a handicap accessible parking space because the parking lot did not provide handicap accessible parking signage with language below the symbol of accessibility stating "minimum fine $250.00" and/or warning language regarding the penalty for unauthorized use of designated disabled parking spaces in order to deter the use of handicap spaces by non-handicapped persons. As a result, Plaintiff was unable to park in a handicap accessible parking space. Once inside the store, Plaintiff was denied equal access to the store's restroom. Initially, Plaintiff was unable to access the restroom without assistance because the restroom door was so heavy, the force required by him to open the restroom door made it impossible for him to wheel

himself inside, unassisted. Once inside the restroom, Plaintiff was deterred from using the restroom stall because the center of the toilet is situated in such a way that there is inadequate space for a wheelchair-bound person to enter the stall, turn, close the stall door and make transfer to the toilet. Finally, prior to exiting the restroom, Plaintiff was deterred from washing his hands because the soap dispenser and restroom mirror were both mounted excessively high and out of reach to a wheelchair-bound person, and because the pipes under the lavatory are not covered and Plaintiff feared burning his legs. As a result, Plaintiff was unable to use the restroom.

30. Thereafter, on December 29, 2017, Plaintiff attempted to resolve this dispute without the need for litigation by providing Defendant with written notice and the opportunity to cure by requesting that Defendant make accessible the 23855 Hawthorne Blvd., Torrance, CA location. In his correspondence to the store manager, Plaintiff informed him or her that the store's parking lot and restroom is not accessible to him for the above reasons, and asked that these problems be fixed within 30 days. Plaintiff did not seek any monies or statutory damages.

31. Plaintiff received no response to his December 29, 2017 letter. As a result, he is now being deterred from patronizing all of Defendant's California locations.

32. Plaintiff has retained attorneys to prosecute the claims alleged herein, who in turn, retained professional building experts to investigate, identify and document Defendant's discriminatory barriers. Those investigations, which are still ongoing, have to date identified the stores listed below as being in serious violation of state law as a result of their violations of the California Standards governing the physical accessibility of public accommodations and/or the ADA which results in a violation of both Unruh Act and/or CDPA. This information has been disseminated to the Plaintiff providing him with actual notice of the violations at Defendant's stores listed below:

1. 23855 Hawthorne Blvd., Torrance, CA
2. 1850 North Placentia Ave., Placentia, CA
3. 1000 East Route 66, Glendora, CA
4. 901 Santa Monica Blvd., Santa Monica, CA
5. 17120 Magnolia St., Fountain Valley, CA

6. 23501 Ridge Route Dr., Laguna Hills, CA

7. 18040 Chats North St., Granada Hills, CA

8 2139 Foothill Blvd., La Verne, CA

9. 391 E. Imperial Highway, La Habra, CA

10. 211 South El Camino Real, Encinitas, CA

11. 3338 Governor Dr., San Diego, CA

12. 15315 Culver Dr., Irvine, CA

13. 2983 Jamacha Rd., El Cajon, CA

14. 26505 Aliso Creek Rd., Alisa Viejo, CA

15. 2450 Las Posas Rd., Camarillo, CA

16. 3725 East Foothill Blvd., Pasadena, CA

17. 900 North Western Ave., San Pedro, CA

18. 8801 S. Sepulveda Blvd., Los Angeles, CA

19. 1824 Marron Rd., Carlsbad, CA

20. 22950 Victory Blvd., Woodland Hills, CA

21. 760 Sycamore Ave., Vista, CA

33. Despite receiving notice and an opportunity to cure from Plaintiff, Defendant has refused to address its accessibility violations. The aforementioned violations are ongoing and continue to result in Plaintiff and unnamed mobility impaired class members suffering discrimination as a result of being denied full and equal access to these stores.

34. Defendant has discriminated and is discriminating against Plaintiff and others similarly situated by failing to, *inter alia*, have accessible facilities, as described below, and required by both the California Standards and the ADA. The following list describes Defendant's violations in the Tuesday Morning stores listed above:

1. **23855 Hawthorne Blvd.**
**Torrance, CA 90505**

**Violation 1**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

Doc# 1 Page# 10 - Doc ID = 1729384527 - Doc Type = OTHER

**Violation 2**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 3**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 4**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4.

**Violation 5**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 6**
The entrance door does not provide a symbol of accessibility posted on the door. This is in violation of Title 24 Code 1127B.3.

**Violation 7**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 8**
The center of the toilet or water closet is 19 1/2" from the wall and is not accessible. This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 9**
The mirror in the restroom is 57" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 10**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 11**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 12**
The soap dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

2. **1850 North Placentia Avenue**
**Placentia, CA 92870**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 6**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 7**
The aisle is blocked with merchandise and does not provide minimum clear width for single wheelchair passage of 32" at a point and 36" continuously. This is in violation of Title 24 Code 1102B; ADAAG - Sections 3.5, 4.2.1.

**Violation 8**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 9**
The center of the toilet or water closet is 15" from the wall and is not accessible. This is in violation of Title 24 Code 1115B.7.1.2; ADAAG – Section 4.17.3.

**Violation 10**
The height of the toilet seat or water closet is 15 ½" and is not accessible. This is in violation of Title 24 Code 1115B.2.1.1; ADAAG – Section 4.16.3.

**Violation 11**
The toilet paper dispenser is not located on the side wall below the grab bar. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 12**
The restroom does not provide proper floor space and is not accessible. This is in violation of Title 24 Code 1115B.7.2; ADAAG – Section 4.23.3.

**Violation 13**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

**Violation 14**
The restroom door is 23 3/4" wide and is not accessible. This is in violation of Title 24 Code 1115B.7.2; ADAAG – Section 4.17.3.

**Violation 15**
There are no required grab bars in the restroom. This is in violation of Title 24 Code 1115B.8.1; ADAAG – Section 4.17.6.

**Violation 16**
The mirror in the restroom is 49" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 17**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 18**
The restroom light switch is located 53" from the finished floor. This is in violation of Title 24 Code 1117B.6.5.1; ADAAG – Section 4.27.

**Violation 19**
The paper towel dispenser in the restroom is located 49" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7

3. **1000 East Route 66**
**Glendora, CA 91740**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 6**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 7**
The toilet paper dispenser is located on the side wall 10" from the front edge of the toilet seat. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 8**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 9**
The urinal rim height is 28" and is not compliant. This is in violation of Title 24 Code 1503.2.1; ADAAG – Section 4.18.2.

**Violation 10**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 11**
The soap dispenser in the restroom is located 51" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 12**
The paper towel dispenser in the restroom is located 43" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 13**
The toilet seat cover dispenser in the restroom is located 46" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

4. **901 Santa Monica Blvd.**
**Santa Monica, CA 90401**

**Violation 1**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 2**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 3**
There is no warning sign regarding the penalty for unauthorized use of designated disabled parking spaces and where they are towed. This is in violation of Title 24 Code 1129B.4.

**Violation 4**
The accessible parking spaces do not have accessible aisles. This is in violation of Title 24 Code 1129B.4.1; ADAAG - Section 4.6.3.

**Violation 5**
The van accessible parking spaces do not have accessible aisles. This is in violation of Title 24 Code 1129B.4.2; ADAAG – Section 4.6.3.

**Violation 6**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 7**
The floor or landing area is not level and has a slope greater than 2%. This is in violation of Title 24 Codes 1133B.2.42, 1133B.7.5; ADAAG - Section 4.3.7.

**Violation 8**
The entrance door does not provide a symbol of accessibility posted on the door. This is in violation of Title 24 Code 1127B.3.

**Violation 9**
The lavatory hardware is not compliant. This is in violation of Title 24 Code 1504.2.1; ADAAG – Section 4.19.5.

**Violation 10**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 11**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 12**
The restroom clothing hooks are located 54" from the floor. This is in violation of Title 24 Code 1110B.1.7; ADAAG – Section 4.35.5.

5. **17120 Magnolia Street**
**Fountain Valley, CA 92708**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 6**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 7**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 8**
The restroom door force is 9 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 9**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 10**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

6. **23501 Ridge Route Drive**
**Laguna Hills, CA 92653**

**Violation 1**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 3**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 4**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 5**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 6**
The restroom door force is 9 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 7**
The mirror in the restroom is 50" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 8**
The paper towel dispenser in the restroom is located 58" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 9**
The toilet seat cover dispenser in the restroom is located 44" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

7. **18040 Chats North Street, Suite A,
Granada Hills, CA 91344**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
The sales counter is not accessible. This is in violation of Title 24 Code 1122B.1; ADAAG – Section 7.2.

**Violation 4**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 5**
The toilet paper dispenser is located on the side wall 12" from the front edge of the toilet seat. This is in violation of Title 24 Code 1115B.9.3; ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 6**
The lavatory hardware is not compliant. This is in violation of Title 24 Code 1504.2.1; ADAAG – Section 4.19.5.

**Violation 7**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 8**
The soap dispenser in the restroom is located 47" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

8. **2139 Foothill Blvd.
La Verne, CA 91750**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 5**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 6**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 7**
The paper towel dispenser in the restroom is located 44" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 8**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

9. **391 E. Imperial Highway**
**La Habra, CA 90631**

**Violation 1**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 2**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 3**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 5**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 6**
The restroom door force is 10 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 7**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

**Violation 8**
The restroom clothing hooks are located 76" from the floor. This is in violation of Title 24 Code 1110B.1.7; ADAAG – Section 4.35.5.

10. **211 South El Camino Real**
**Encinitas, CA 92024**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

Doc# 1 Page# 19 - Doc ID = 1729384527 - Doc Type = OTHER

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 6**
The restroom door force is 10 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 7**
The aisle is blocked with merchandise and does not provide minimum clear width for single wheelchair passage of 32" at a point and 36" continuously. This is in violation of Title 24 Code 1102B; ADAAG - Sections 3.5, 4.2.1.

**11. 3338 Governor Drive**
**San Diego, CA 92122**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

**Violation 6**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 7**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

12. **15315 Culver Drive**
**Irvine, CA 92604**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
The aisle is blocked with merchandise and does not provide minimum clear width for single wheelchair passage of 32" at a point and 36" continuously. This is in violation of Title 24 Code 1102B; ADAAG - Sections 3.5, 4.2.1.

**Violation 5**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 6**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

13. **2983 Jamacha Road**
**El Cajon, CA 92019**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

Doc# 1 Page# 21 - Doc ID = 1729384527 - Doc Type = OTHER

**Violation 3**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 4**
The restroom door hardware is not compliant. This is in violation of Title 24 Code 1133B.2.5.1; ADAAG – Section 4.13.9.

**Violation 5**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 6**
The restroom clothing hooks are located 57" from the floor. This is in violation of Title 24 Code 1110B.1.7; ADAAG – Section 4.35.5.

14. **26505 Aliso Creek Road**
**Aliso Viejo, CA 92656**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 3**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 4**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 5**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

**Violation 6**
The toilet seat cover dispenser in the restroom is located 42" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**Violation 7**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

15. **2450 Las Posas Road**
**Camarillo, CA 93010**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 5**
There is no additional sign or language below the symbol of accessibility stating "minimum fine $250.00." This is a violation of Title 24 Code 1129B.4.

16. **3725 East Foothill Blvd.**
**Pasadena, CA 91107**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no van accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**Violation 4**
The aisle is blocked with merchandise and does not provide minimum clear width for single wheelchair passage of 32" at a point and 36" continuously. This is in violation of Title 24 Code 1102B; ADAAG - Sections 3.5, 4.2.1.

**Violation 5**
The restroom door force is 7 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 6**
The toilet stall door hardware is not compliant. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.9.

17. **900 North Western Ave.**
**San Pedro, CA 90732**

**Violation 1**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 2**
The restroom door hardware is not compliant. This is in violation of Title 24 Code 1133B.2.5.1; ADAAG – Section 4.13.9.

**Violation 3**
The restroom door force is over 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

**Violation 5**
The restroom signage is not compliant. This is in violation of Title 24 Code 1117B.5.8.1.1; ADAAG - Section 4.1.2.

18. **8801 S. Sepulveda Blvd.**
**Los Angeles, CA 90045**

**Violation 1**
The curb ramps do not have a detectable warning surface that extends the full width and depth of the curb ramp. This is in violation of Title 24 Code 1127B.5.7; ADAAG – Section 4.7.7.

**Violation 2**
The pipes under the lavatory are not covered. This is in violation of Title 24 Code 1115B.2.1.2.1; ADAAG – Section 4.19.4.

**Violation 3**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 4**
The mirror in the restroom is 42" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**19.** **1824 Marron Road**
**Carlsbad, CA 92008**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage. This is in violation of Title 24 Code 1129B.5; ADAAG – Section 4.6.4.

**20.** **22950 Victory Blvd.**
**Woodland Hills, CA 91367**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible spaces. This is in violation of Title 24 Code 1129B.1; ADAAG – Section 4.1.2(5)(b).

**Violation 3**
The aisle is does not provide minimum clear width for single wheelchair passage of 32" at a point and 36" continuously. This is in violation of Title 24 Code 1102B; ADAAG - Sections 3.5, 4.2.1.

**Violation 4**
The toilet seat cover dispenser in the restroom is located 48" above the floor. This is in violation of Title 24 Code 1115B.8.3; ADAAG – Section 4.23.7.

**21.** **760 Sycamore Avenue**
**Vista, CA 92083**

**Violation 1**
The restroom door force is 8 lbs. and is not accessible. This is in violation of Title 24 Code 1133B2.5; ADAAG – Section 4.13.11(2)(b).

**Violation 2**
The mirror in the restroom is 49" from the floor and is not compliant. This is in violation of Title 24 Code 1115B.9.2; ADAAG – Section 4.22.6.

**Violation 3**
The restroom clothing hooks are located 67" from the floor. This is in violation of Title 24 Code 1110B.1.7; ADAAG – Section 4.35.5.

35. The discriminatory violations described above are not an exclusive or exhaustive list of Defendant's accessibility barriers and, upon information and belief, there are other miscellaneous violations of both the California Standards and the ADA in Defendant's stores.

36. The correction of these violations is readily achievable, or Defendant is obligated to have its places of public accommodation readily accessible as defined by both the ADA and the California Standards.

37. To date, barriers and other violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the California Standards or the ADA. The effect of Defendant's failure to comply with these standards or regulations is that Defendant has discriminated against disabled persons by denying them the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of Defendant's stores.

38. As a result of that failure to remedy existing barriers to accessibility, Plaintiff and others similarly situated have been denied access to the benefits of the goods, services, programs, facilities, and activities of Defendant's stores, and have otherwise been discriminated against and have suffered damages caused by Defendant's accessibility violations. Unless Defendant's stores are brought into compliance, said persons will continue to suffer injury in the future.

**COUNT I**

**(Unruh Act)**

39. Plaintiff re-alleges and incorporates by reference the above allegations set forth in the Complaint as if fully set forth herein.

40. Defendant operates business establishments within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, *et seq*.

41. The conduct alleged herein violates the Unruh Act, including Cal. Civ. Code § 51, *et seq*.

42. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business

establishments of every kind whatsoever within the jurisdiction of the State of California. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

43. Defendant has violated the Unruh Act by, *inter alia*, denying Plaintiff and members of the proposed Class, as persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendant. Defendant has also violated the Unruh Act by violating the ADA, as set forth above.

44. Defendant has violated the Unruh Act, by *inter alia*, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its location.

45. In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its location and its facilities to individuals with disabilities and acted intentionally and with knowledge of the effect its conduct was having on physically disabled persons.

46. Defendant has violated the Unruh Act by both being in violations of the California Standards and rights provided under the Americans with Disabilities Act of 1990.

47. Further, Defendant has violated the Unruh Act by having, maintaining, establishing, or failing to abolish policies that discriminate against the mobility impaired, which have resulted in barriers in their stores.

48. Plaintiff is being deterred from patronizing Defendant's stores as a result of his actual knowledge of the violations stated above.

49. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

**COUNT II**

**(California Disabled Persons Act)**

50. Plaintiff re-alleges and incorporates by reference the above allegations set forth in the Complaint as if fully set forth herein.

51. Defendant operates, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of the CDPA, Cal. Civ. Code § 54, *et seq*.

52. The conduct alleged herein violated the CDPA, including without limitation Cal. Civ. Code, § 54.1, *et seq*. and relevant provisions of the California building code regulations.

53. The CDPA guarantees, *inter alia*, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.

54. Defendant has violated the CDPA by, *inter alia*, denying Plaintiff and members of the proposed class, as persons with disabilities, full and equal access, as other members of the general public, to accommodations, advantages, and facilities offered by Defendant.

55. Defendant has violated the CDPA by, *inter alia*, failing to operate their services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to their stores.

56. In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its stores and its facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on physically disabled persons.

57. Defendant has violated the CDPA by being, as listed above, in violation of both California Standards and the ADA. Plaintiff is not required to prove intent or actual damages to recovery minimum statutory damages under the CPDA.

58. Plaintiff is being deterred from patronizing Defendant's stores as a result of his actual knowledge of the violations stated above.

59. Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code § 54, Plaintiff prays for judgment as set forth below.

**COUNT III**

**(Cal. Civ. Code § 55)**

60. Plaintiff re-alleges and incorporates by reference all of the above allegations set forth in the Complaint as if fully set forth herein.

61. Defendant operates, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of Cal. Civ. Code § 55, *et seq.*

62. The conduct alleged herein violated the Cal. Civ. Code, § 55, *et seq.* and relevant provisions of the California building code regulations.

63. Plaintiff brings the claim to enjoin any technical violations of the California Standards or access laws.

64. In order to enjoin the aforementioned violations, Plaintiff is not required to prove an actual attempt to access Defendant's stores or to prove that the violation results from discrimination.

65. Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code § 55, Plaintiff prays for judgment as set forth below

**RELIEF**

WHERFORE, Plaintiff demands judgment against Defendant and requests the following relief:

A. that this Court certify the proposed Class;

B. that this Court certify Plaintiff as class representatives on behalf of the Class;

C. that this Court declare that the policies, procedures, and services, and facilities at Defendant's stores located in California have been discriminatory and violative of the ADA and therefore are violative of the Unruh Act and the California Disabled Persons Act;

D. that this Court declares that the policies, procedures, services, and facilities of Defendant is discriminatory and violative of the state anti-discrimination statutes of California and the California Standards;

E. that this Court declare that Defendant's violation of the state anti-discrimination statutes of California is intentional.

F. that this Court Order injunctive relief to require Defendant to become in compliance and remain in compliance with anti-discrimination state statutes identified herein.

G. that this Court award minimum statutory damages on behalf of the Plaintiff against Defendant pursuant to the state statutes identified above;

H. that this Court award reasonable attorneys' fees and costs (including expert fees) and other expenses of suit; and

I. that this Court awards such other and further relief as it deems necessary, just, proper, and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: Febraury 26, 2018

BRODSKY & SMITH, LLC

By:____________________

Evan J. Smith (SBN242352)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

**VERIFICATION**

I, Hector Velarde, hereby certify that I am the Plaintiff in this civil action and certify under penalty of perjury under the laws of the State of California that the Complaint is true and correct to the best of my knowledge, information and belief.

Date: 2/26/18

Hector Velarde

FILED
Superior Court of California
County of Los Angeles

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Evan J. Smith (SBN242352)<br>Brodsky & Smith, LLC<br>9595 Wilshire Blvd., Suite 900<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-534-2590 FAX NO.: 310-247-0160<br>ATTORNEY FOR (Name): HECTOR VELARDE | FEB 26 2018<br>Sherri R. Carter, Executive Officer/Clerk<br>By Shaunya Bolden, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: Central District - Stanley Mosk Courthouse | |
| CASE NAME:<br>VELARDE v. TUESDAY MORNING, INC. | |

By Fax

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 6 9 5 5 8 5 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [✓] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [✓] Substantial amount of documentary evidence
   - d. [✓] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (*specify*): 3
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: February 26, 2018

Evan J. Smith
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach–Seller
    - Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (*non-tort/non-complex*)
  - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

(Page 34 of 38) Case 2:18-cv-02968-PA-GJS Document 1-1 Filed 04/09/18 Page 35 of 39 Page ID #:44

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov*.

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa*. Information is also available from the California Commission on Disability Access at *www.ccda.ca.gov/guide.htm*.

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:** If the document accompanying this notice is a demand letter from a lawyer and not a formal court complaint, the lawyer is generally required by law to provide a copy of the letter to the State Bar of California, until January 1, 2016, in order that the State Bar may determine whether the demand letter complies with legal requirements, INCLUDING THAT THE DEMAND LETTER MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Any demand letter or court complaint must list the lawyer's State Bar license number on the document.

You are encouraged, but are not required, to provide the State Bar with a copy of the demand letter so the State Bar is aware that you received this demand letter and may determine whether it is in compliance with specified legal requirements. A copy of the letter can be sent to the State Bar by facsimile transmission to 415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, California 94105, Attention: Professional Competence.

Page 1 of 1

Form Adopted for Mandatory Use Judicial Council of California DAL-001 [Rev. July 1, 2013]

IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS (Disability Access Litigation)

Civil Code, § 55.3 www.courts.ca.gov

Doc# 1 Page# 34 - Doc ID = 1729384527 - Doc Type = OTHER

BC 695585

| SHORT TITLE: VELARDE v. TUESDAY MORNING, INC. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES CLASS ACTION? ☑ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 5-6 ☐ HOURS/☑ DAYS.

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

By Fax

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☑ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016 Intellectual Property | 2., 3. |

(Page 36 of 38) Case 2:18-cv-02968-PA-GJS Document 1-1 Filed 04/09/18 Page 37 of 39 Page ID #:46

| SHORT TITLE: VELARDE v. TUESDAY MORNING, INC. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | A6017 Legal Malpractice | 1., 2., 3. |
| | | A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | A6031 Tortious Interference | 1., 2., 3., 5. |
| | | A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | A7300 Eminent Domain/Condemnation Number of parcels______ | 2. |
| | Wrongful Eviction (33) | A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | A6018 Mortgage Foreclosure | 2., 6. |
| | | A6032 Quiet Title | 2., 6. |
| | | A6060 Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 2 of 4

Doc# 1 Page# 36 - Doc ID = 1729384527 - Doc Type = OTHER

| SHORT TITLE: VELARDE v. TUESDAY MORNING, INC. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | A6151 Writ - Administrative Mandamus | 2., 8. |
| | | A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | A6141 Sister State Judgment | 2., 9. |
| | | A6160 Abstract of Judgment | 2., 6. |
| | | A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | A6030 Declaratory Relief Only | 1., 2., 8. |
| | | A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance(21) | A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | A6121 Civil Harassment | 2., 3., 9. |
| | | A6123 Workplace Harassment | 2., 3., 9. |
| | | A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | A6190 Election Contest | 2. |
| | | A6110 Petition for Change of Name | 2., 7. |
| | | A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: VELARDE v. TUESDAY MORNING, INC. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | | | ADDRESS:<br>23855 Hawthorne Blvd. |
|---|---|---|---|
| CITY:<br>Torrance | STATE:<br>CA | ZIP CODE:<br>90505 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: February 26, 2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.